———— McPARTLAND, Plaintiff, *v.* ———— McPARTLAND, Defendant.*

Supreme Court, Kings County, December 23, 1932.

*Delatour, Kennedy & Miller*, for the plaintiff.

*Anton Weidmann*, for the defendant.

NORTON, J.   Heretofore an *ex parte* application was made for the arrest of the defendant in a matrimonial action.   The basis for the

* See, also, 146 Misc. 672.

application was that defendant was about to leave the jurisdiction of this court. On October 17, 1932, an order was entered directing that defendant be arrested and confined until he furnish bail in the sum of $2,500. At the time of the issuance of the foregoing order, defendant was languishing in the county jail under a previous warrant for the non-payment of alimony. His incarceration has been continued under the said order of arrest. He now moves to vacate and set aside the latter order in accordance with the procedure provided by section 844 of the Civil Practice Act. The papers upon which defendant's arrest was predicated contained a *prima facie* showing of facts sufficient to justify the order. However, upon this application defendant categorically denies that he at any time intimated to the attorney for the plaintiff any intention of leaving the jurisdiction. The deprivation of one's liberty is a matter of serious moment, and, when the determination of such question must be made upon a sharply disputed issue of fact, I think every reasonable doubt must be resolved in favor of the one whom it is sought to cast into jail, even upon a civil process. As pointed out, defendant puts in question the *prima facie* showing of facts upon which his arrest was ordered. His continued presence within the jurisdiction for many months subsequent to the institution of the present litigation and prior to his incarceration under the warrant tends to corroborate the statements now made by him in his affidavit. Motion granted.